REGAN, Judge.
The plaintiffs, B. A. Castellón, Norwood Mott, Katherine Mott, Victor Mott, and Arthur Mott, filed this suit against the defendant, Elie Pate, Jr., endeavoring to recover the sum of $2,848.00, together with interest thereon plus 25% attorney’s fees, predicated upon the defendant’s breach of an agreement to purchase immovable property in that he failed to deposit 10% of the purchase price in conformity with the terms thereof upon the acceptance of the defendant’s offer by the plaintiffs.
B. A. Castellón asserts that he is entitled to recover $1,063.00 from the defendant as his commission as a real estate agent for procuring the sale, and the Motts insist that they are entitled to recover liquidated damages in the amount of $1,785.00, all in accordance with the terms of the foregoing agreement.
No answer was filed on behalf of the defendant, and in due course, a preliminary default was entered. The plaintiffs subsequently offered evidence in confirmation thereof, and after hearing this evidence, the lower court refused to grant the judgment sought by the plaintiffs and rendered judgment in favor of the defendant, dismissing the plaintiffs’ suit at their cost. Hence the prosecution of this appeal by the plaintiffs.
The record discloses that the agreement used in this instance was the standard form of contract of the Real Estate Board of New Orleans, Inc., as revised and approved in November of 1963. Therein, the defendant offered to purchase property designated as 4017-19 Hamilton Street, in the City of New Orleans. The clause which the plaintiffs assert was breached by the defendant reads:
“Upon acceptance of this offer, vendor and purchaser shall be bound by all its terms and conditions and purchaser becomes obligated to deposit with seller’s agent immediately 10% of the purchase price amounting to $1785.00, and failure to do so shall constitute a breach of and terminate this agreement, obligating purchaser to pay seller liquidated damages equal to the amount of said deposit and to pay agent’s commission.”
The agent’s commission was fixed in the contract at 6% of the purchase price. The evidence offered in confirmation of the preliminary default by the plaintiffs established that the defendant signed the contract wherein he agreed to purchase the property for the sum of $17,850.00. The signatures thereto were duly identified and authenticated by the real estate broker who obtained the offer and by Arthur A. Mott, one of the plaintiffs herein.
The evidence inscribed in the record discloses that subsequent to the acceptance of the defendant’s offer to purchase, the real estate agent called upon the defendant three times in order to obtain the 10% deposit, but on each of these occasions, the defendant avoided depositing the money with the real estate agent in accordance with the above quoted provision of the contract.
In addition thereto, the record further discloses that the defendant did not cooperate in obtaining a homestead loan; however, the real estate agent procured a. loan in conformity with the terms dictated by the defendant in his offer to purchase. The loan was obtained through the Homestead Savings Association in New Orleans, and the title was processed by its attorneys and the act of sale was duly prepared. The defendant was notified of the day set for the passing of the act of sale, but he failed to appear at the scheduled time and place. On the other hand, the vendors appeared and were prepared to tender title to the property.
In any event, when the plaintiffs had concluded their offer of evidence in confirma *664 tion of the preliminary default, the judge of the lower court ruled from the bench in favor of the defendant. The reasons dictated into the record by the judge read:
“The Court has listened very carefully to the evidence as he examined the documents submitted and the Court must conclude that the alleged agreement to purchase dated July 27, 1965 is null, void and of no force and effect because it is not definite in its terms. The Court must hold that no contract actually exists, therefore there can be no recovery for either deposit or commission. The plaintiff’s suit is dismissed.”
The court thus refused to eniurce this contract predicated upon the hypothesis that it was not definite in its terms.
Our analysis of the agreement, to reiterate for the purpose of emphasis, reveals that the offer submitted by the defendant stipulated a purchase price of $17,850.00, on the terms of $2,500.00 in cash, with the balance to be financed by a loan or loans. The defendant conditioned his offer upon the obtaining of a loan at 8% interest. The only provisions which were omitted from the contract were the number of years over which the loan was to be amortized, and the number of installments to be paid thereon each year. All other provisions were expressly stipulated therein.
It should be pointed out that the agreement is in the form of an offer by the defendant to purchase the plaintiffs’ property for a certain sum. The wording of the offer establishes clearly that the terms of the loan are placed therein as a condition precedent to the validity of the contract, and that they were placed therein by the offeror. The defendant, as offeror, chose only to stipulate as a condition precedent to being bound by the contract that a loan for the balance be obtained at a rate of interest not to exceed 8% per annum. While it was in the sole power and discretion of the defendant to stipulate in the agreement the amortization period of the loan and the number of installments to be paid thereon each year, he chose not to do so. Since it is not encumbent upon the offeror to impose any conditions upon his offer to purchase, we are unable to comprehend how this omission to stipulate the amortization period or the number of payments per year can vitiate the validity of the agreement. It was his option to impose such conditions, if he so desired, and his failure to' do so does not in any way affect the validity of the agreement and render it unenforceable by the plaintiffs.
The record discloses that the real estate agent obtained a loan for the defendant in the amount of $15,350.00 at 8% per annum in accordance with the condition imposed by him. Under these circumstances, all conditions specified by the defendant were met, and he was therefore bound by the very terms of his own offer.
Since all of the conditions imposed by the defendant as we said, were complied with, he breached the agreement when he refused to deposit the amount of 10% of the purchase price, or $1,785.00 upon the acceptance of his offer by the plaintiffs; consequently, they are entitled to a judgment as prayed for in conformity with the agreement.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is now rendered in favor of the petitioner, B. A. Castellón, and against the defendant, Elie Pate, Jr., in the sum of $1,-063.00 plus interest and attorney’s fees in the amount of 25;% of the principal and interest due.
Judgment is also rendered in favor of the other plaintiffs herein, Norwood Mott, Katherine Mott, Victor Mott, and Arthur Mott, and against the defendant, Elie Pate, Jr., in the full amount of $1,785.00 plus interest and attorney’s fees of 25% of the principal and interest due.
The defendant is to pay all costs incurred herein.
Reversed and rendered.